U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 30 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| v. | § | 2:20-CR-117-Z-BR-(1) |
| MARK ALLEN HEFLEY | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

On April 12, 2021, the United States Magistrate Judge issued a Report and Recommendation Concerning Plea of Guilty ("Report and Recommendation") in the above referenced cause. Defendant Mark Allen Hefley filed no objections to the Report and Recommendation within the fourteen-day period set forth in 28 U.S.C. § 636(b)(1). The Court independently examined all relevant matters of record in the above referenced cause—including the elements of the offense, Factual Resume, Plea Agreement, and Plea Agreement Supplement—and thereby determined that the Report and Recommendation is correct. Therefore, the Report and Recommendation is hereby ADOPTED by the United States District Court. Accordingly, the Court hereby FINDS that the guilty plea of Defendant Mark Allen Hefley was knowingly and voluntarily entered; ACCEPTS the guilty plea of Defendant Mark Allen Hefley; and ADJUDGES Defendant Mark Allen Hefley guilty of Count One in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Sentence will be imposed in accordance with the Court's sentencing scheduling order. The Court now refers the issue of mandatory detention pending sentencing to the Honorable Magistrate Judge Lee Ann Reno.

## BACKGROUND

On April 12, 2021, Defendant pleaded guilty to Count Two of the Indictment, which charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is Possession with Intent to Distribute Methamphetamine. ECF No. 34. The Honorable Magistrate Judge Lee Ann Reno recommended that the plea be accepted. *Id.* Having accepted Magistrate Judge Reno's recommendation, Defendant has now been adjudged guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 21 U.S.C. § 801, *et. seq.*

## ANALYSIS

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(C) requires detention for a defendant adjudged guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or chapter 705 of title 46.

The offense here, a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), carries a maximum term of imprisonment of 20 years. Thus, the offense subjects Defendant to mandatory detention under Section 3143(a)(2). *See United States v. Wright*, No. 3:16-CR-373-M (30), 2018 WL 1899289, at *6 (N.D. Tex. Apr. 19, 2018).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants awaiting imposition or execution of a sentence. The defendant must be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the

person is not likely to flee or pose a danger to any other person or the community." *Id.* Additionally, a person otherwise "subject to detention under Section 3143(a)(2), and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

## Conclusion

Having found Defendant's offense is subject to mandatory detention under 18 U.S.C. § 3143(a)(2), the Court refers this matter to the Honorable Magistrate Judge Lee Ann Reno to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

**SO ORDERED**, April 30, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE